Dear Mr. Noah:
This office has received your opinion request concerning the Executive Director of the Monroe-West Monroe Convention and Visitors Bureau. You specifically ask us the following questions:
 1. May the Monroe-West Monroe Convention and Visitors Bureau use its funds to reimburse its Executive Director for legal expenses incurred by her in connection with a criminal investigation that resulted in an Ouachita Parish Grand Jury returning a No True Bill as to possible criminal activity?
 2. May the Monroe-West Monroe Convention and Visitors Bureau use its funds to reimburse its Executive Director for legal expenses incurred by her in connection with an investigation conducted by the Commission on Ethics for Public Employees that resulted in the Commission closing its file?
With your request, you provided us with a copy of a letter from the Ouachita Parish District Attorney, which advises that the Ouachita Parish Grand Jury returned a no true bill against the Executive Director. You also provided us with a copy of a letter from the Ethics Commission that provides that the file on potential ethics violations of the Executive Director was closed.
LSA-R.S. 13:5108.3 addresses the specific situation where an employee of a political subdivision may be reimbursed for legal fees in his defense. It provides in pertinent part:
 A. Notwithstanding any other provision of this Part, payment of any legal fees associated with the defense of any official, officer or employee of this state . . . for any criminal action shall not be made except as provided for in Subsection B.
 B. Payment of legal fees for defense of an official, officer or employee shall not be made from public monies through the office of the treasurer, from general appropriations or out of special funds whether state or federal or self generated, unless:
 (1) The defendant in a criminal matter is acquitted or the proceedings are dismissed, and
 (2) Payment is authorized by a specific act of the legislature appropriating funds for such payment.
Note that this section does not refer to an official, officer or employee of a political subdivision of the state or of a municipality. Nevertheless this office has consistently opined that if a public official or employee is prosecuted for a criminal offense the allegations of which arose out of the performance of his official functions, and the employee is exonerated then the public body that employs that person may pay the reasonable attorney s fees and expenses that result from the defense against the charges. See Atty. Gen. Op. Nos. 96-95, 94-384, 93-376, 91-474, 89-110. Similarly this office has also concluded that when a public official or employee is found exonerated from charges of a civil violation arising out of the performance of his duties he may be entitled to reimbursement of legal fees Atty. Gen. Op. Nos. 96-210, 96-95.
The information you provided our office clearly shows that the Executive Director was exonerated from criminal charges as well as alleged ethics violations. It is therefore the opinion of this office that it is permissible for the public body here involved the Monroe-West Monroe Convention and Visitors Bureau, to reimburse the Executive Director for her legal fees arising out of each proceeding.
We hope the foregoing sufficiently answers your inquiry. Should you have any further questions please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams